UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 14-17-DLB

ANTHONY GENE MAYS                                                   PETITIONER

vs.                      **MEMORANDUM OPINION AND ORDER**

WARDEN J.C. HOLLAND                                        RESPONDENT

\*\*\*\*     \*\*\*\*     \*\*\*\*

**I.    Introduction**

Anthony Gene Mays ("Petitioner") is an inmate currently confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky. Mays, proceeding pro se, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his federal conviction. (Doc. # 1). Mays has also moved for the appointment of counsel. (Doc. # 2).

The Court conducts an initial review of habeas petitions, and will dismiss those petitions that are meritless on their face. 28 U.S.C. § 2243; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970). The Court evaluates the petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Petitioner's factual allegations as true, and construes all legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

1

Despite taking a liberal approach to Petitioner's claims, the Court will dismiss them. His § 2241 petition cannot succeed, and the Court will also deny as moot his motion for the appointment of counsel.

## II. Factual and Procedural Background

On April 27, 2010, a federal jury in Arkansas found Petitioner guilty of three federal offenses: being a felon in possession of a firearm, attempting to kill an officer of the United States Government, and carrying a firearm in relation to a crime of violence. Jury Verdict, *United States v. Mays*, No. 4:10-CR-055 (E.D. Ark. 2010), ECF No. 20. At Petitioner's sentencing hearing on October 25, 2010, the district court imposed a 120-month sentence on Count 1, a 240-month sentence on Count 2 (ordered to run consecutively to the Count 1 sentence), and a 120-month sentence on Count 3, ordered to run consecutively to the sentences on Counts 1 and 2, for a total sentence of 480 months. Judgment, *Mays*, No. 4:10-CR-055, ECF No. 29.

Petitioner appealed, contending that the trial court had erred in denying his motion to suppress identification evidence and in overruling his objection raised pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986), to the government's striking of two prospective jurors. The Eighth Circuit rejected his arguments and affirmed the conviction. *United States v. Mays*, No. 10-3385 (8th Cir. May 4, 2011) (unpublished).

Petitioner then moved the trial court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mays claimed that he had received ineffective assistance of counsel for various reasons, both at trial and on appeal. Pro Se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. 2255, *Mays*, No. 4:10-CR-055, ECF No. 48. On September 23, 2011, the trial court denied Petitioner's § 2255 motion and ordered that

no certificate of appealability would issue. Opinion and Order, *Mays*, No. 4:10-CR-055, ECF No. 63. Petitioner then applied to the Eighth Circuit for a certificate of appealability, and the Eighth Circuit referred the case to the district court to determine whether a certificate of appealability should issue. Order of United States Court of Appeals for the Sixth Circuit, *Mays*, No. 4:10-CR-055, ECF No. 66. On January 10, 2012, the district court again determined that Petitioner was not entitled to a certificate of appealability, and the Eighth Circuit concurred. Order Denying Certificate of Appealability, *Mays*, No. 4:10-CR-055, ECF No. 67; Judgment of United States Court of Appeals for the Sixth Circuit, *Mays*, No. 4:10-CR-055, ECF No. 68. The U.S. Supreme Court declined to review the case. Letter from Clerk of the United States Court of Appeals for the Sixth Circuit, *Mays*, No. 4:10-CR-055, ECF No. 71.

On January 24, 2014, Mays filed the present petition for habeas relief under § 2241. (Doc. # 1)

**III.  Discussion**

Section 2241 is an odd–and ultimately unsuccessful–launching pad for Petitioner's claims. As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, while § 2241 petitions challenge the execution of a sentence, i.e., the Bureau of Prisons' calculation of sentence credits or other issues affecting the length of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The United States Court of Appeals for the Sixth Circuit has explained the difference between the two statutes as follows:

3

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). Accordingly, claims like the present one usually fall under 28 U.S.C. § 2255, not § 2241.

The "savings clause" in § 2255(e) provides a narrow exception to this rule, and it is this savings clause that Petitioner hopes to invoke. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). In practice, this means that a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 only if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

Petitioner claims that he is "actually innocent" of the offenses of which he was convicted, because no reasonable juror would have convicted him in light of all of the evidence. This flies in the face of both record and reality. In this case, a jury, presumably a reasonable one, already found Petitioner guilty on all three counts of the indictment. And Petitioner has said nothing that would lead the Court to question that jury's verdict. There is no alleged fact of any kind that casts doubt on whether Mays committed the crime of which he was accused. (See generally Doc. #1-1 (asserting various bases for Petitioner's "actual innocence.")).

4

When Petitioner does muster specific arguments, those arguments invariably fail. For example, Petitioner states that in the district court order rejecting his § 2255 petition, the district court "failed to address" Petitioner's arguments regarding specific intent to kill. (Id. at 4). Yet this is plainly false: the Eastern District of Arkansas district court discusses the specific intent jury instructions and notes that Mays failed to argue that those instructions contained any errors. Opinion and Order at 3, *Mays*, No. 4:10-CR-055, ECF No. 63. Indeed, that district court devoted multiple pages to compiling the evidence produced against Petitioner at trial. (See *id*). That voluminous evidence, combined with the entirely proper jury instructions regarding specific intent, effectively demolish Petitioner's argument that no reasonable juror could convict him. The Court reminds Petitioner that it is not federal judges who determine whether the government has carried its burden. Jurors make that determination, and the jury in Petitioner's case adjudged him guilty.

Much of the petition effectively repackages ineffective assistance of counsel claims (claims he raised in his § 2255 motion) as support for "actual innocence." Such a tactic is impermissible. Several courts have explicitly rejected reliance on ineffective assistance of counsel to invoke § 2255's savings clause. See, e.g., *Taylor v. Lamanna*, 27 F. App'x 283, 284 (6th Cir. 2001); *Ball v. Conner*, 83 F. App'x 621, 622 (5th Cir. 2003). As the Sixth Circuit has held, "the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255" in an earlier proceeding. *Taylor*, 27 F. App'x at 285.

To successfully assert "actual innocence," Petitioner must convince the Court that something has changed. Perhaps some new fact has come to light that was unavailable

at trial. Or perhaps there has been "an intervening change in the law that establishes his actual innocence." *Enigwe v. Bezy*, 92 F. App'x 315, 317 (6th Cir. 2004). Petitioner points to nothing of the sort in his present complaint. His habeas petition is nothing more than an attempt to get another bite of the forbidden apple. That is not what the § 2255 savings clause aims to do, and no matter how liberally the Court construes his complaint, Petitioner's claims of "actual innocence" are nothing more than bald assertions combined with arguments that were appropriately rejected by other courts. Because of that, the Court will dismiss his petition.

**IV.    Conclusion**

For the reasons discussed above, **IT IS ORDERED** as follows:

(1) Petitioner Anthony Gene Mays's 28 U.S.C. § 2241 petition for a writ of habeas corpus (Doc. # 1) is **DENIED**.

(2) Mays's motion for the appointment of counsel (Doc. # 2) is **DENIED AS MOOT.**

(3) This action is **DISMISSED** and **STRICKEN** from the Court's docket.

(4) Judgment shall be entered contemporaneously herewith.

This 8th day of July, 2014.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\ORDERS\London\2014\14-17 MOO.wpdG:\DATA\ORDERS\London\2014\14-17 MOO.wpd